```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------x
                               :
JOHN ANGELO LAPAGLIA,          :
                               :
          Plaintiff,           :
                               :
v.                             :   Case No. 3:16-CV-465 (AWT)
                               :
UNITED STATES OF AMERICA,      :
                               :
          Defendant.           :
                               :
-------------------------------x
```

**RULING ON MOTION TO DISMISS**

    For the reasons set forth below, the United States of America's motion to dismiss is being granted.

**I.   Legal Standard**

    "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of

proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

When deciding a motion to dismiss under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, the court is "not to draw inferences from the complaint favorable to the plaintiffs." J.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). Rather, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).

When interpreting the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

**II. <u>Discussion</u>**

The statutory waiver of sovereign immunity that allows a taxpayer to bring a tax refund suit is 28 U.S.C. § 1346, which provides that:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax <u>alleged to have been erroneously or illegally</u> assessed or <u>collected</u>, or <u>any penalty claimed to have been collected without authority</u> or any sum alleged to have been excessive or in any manner <u>wrongfully collected</u> under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1) (emphasis added). This waiver of sovereign immunity is limited by 26 U.S.C. § 7422, which provides that:

> [n]o suit or proceeding shall be maintained by any party for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority . . . until a claim for a refund or credit has been duly filed.

26 U.S.C. § 7422(a).

Attached to the complaint is a letter from the Internal Revenue Service to Pleasure Circuit Corporation, which serves as "legal notice that [its] claim is fully disallowed," and instructs: "If you wish to bring suit or proceedings for the recovery of any tax, penalties or other moneys for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court . . . ." Compl. at

17.  This letter is prima facie evidence that Pleasure Circuit Corporation complied with the administrative exhaustion requirements of § 7422.

The government argues that because the tax was assessed against Pleasure Circuit Corporation, not the plaintiff in his individual capacity, only the corporation is a "taxpayer" for purposes of § 7422(a).  However, the government's argument ignores the Supreme Court's analysis in United States v. Williams, 514 U.S. 527, 534 (1995) ("To read the term 'taxpayer' as implicitly limiting administrative relief to the party assessed is inconsistent with other provisions of the refund scheme, which expressly contemplate refunds to parties other than the one assessed.").  In Williams, the Court held that "28 U.S.C. § 1346(a)(1) clearly allows one from whom taxes are erroneously or illegally collected to sue for a refund of those taxes."  Id. at 536.

Here, the complaint alleges the plaintiff was the victim of identity fraud and that the alleged overpayment was made via check, unauthorized by the plaintiff, and with the plaintiff's signature forged, and it appears the check was drawn on the plaintiff's personal bank account.  Although the holding in Williams was quite narrow and specifically did "not decide the circumstances, if any, under which a party who volunteers to pay a tax assessed against someone else may seek a refund under

§ 1346(a)," the analysis is not as simple as the government suggests.  Id. at 540.

Nevertheless, the court need not address whether the plaintiff in his individual capacity may seek a refund as a party "from whom taxes [we]re erroneously or illegally collected," a question left open by Williams, because the plaintiff in his individual capacity did not comply with the administrative exhaustion requirements under § 7422.  Rather, Pleasure Circuit Corporation appears to have complied.  Thus, while the corporation may be able to bring suit for the recovery of the taxes alleged to be erroneously or illegally assessed against it, the plaintiff cannot, for he has failed to exhaust his administrative remedies as required by § 7422(a), and the court lacks jurisdiction to order the IRS to issue a refund.

### III. Conclusion

Defendant United States of America's Motion to Dismiss (Doc. No. 16) is hereby GRANTED.  This case is dismissed.

The Clerk shall close this case.

It is so ordered.

Signed this 7th day of March, 2017, at Hartford, Connecticut.

                                              \_\_\_\_\_/s/ AWT_____
                                              Alvin W. Thompson
                                              United States District Judge